IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IRMA DEROIN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CIV-12-1236-W |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for disability income benefits under the Social Security Act. United States District Judge Lee R. West referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3), and it is now before the undersigned Magistrate Judge. Upon review of the pleadings, the transcript of the administrative proceedings (Tr.) and the parties' briefs, the undersigned recommends that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

## I. ADMINSTRATIVE PROCEEDINGS

This is the second time Plaintiff has appealed the denial of disability income benefits to this Court. Plaintiff protectively filed her application on November 10, 2003, and she has an amended alleged disability onset date of August 9, 2000. Tr. 60, 773. Plaintiff last met the insured status requirements for her DIB claim on December 31,

2003. Tr. 63. Thus, the adjudicated period in this case is between August 9, 2000 and December 31, 2003. After an administrative hearing on November 14, 2005, Tr. 693-719, the ALJ decided on August 16, 2006, that Plaintiff could perform light jobs and was not disabled. Tr. 15-21. Plaintiff appealed the denial to this Court and the case was remanded for further proceedings on September 8, 2008. Tr. 752-760. After the supplemental administrative hearing on February 2, 2010, Tr. 1177-1210, the ALJ decided on May 24, 2010, Tr. 742-751, that Plaintiff was not entitled to Social Security disability benefits because she could perform sedentary work, and specifically her past sedentary work as a directory assistance operator. Tr. 750-751.

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Plaintiff has not engaged in substantial gainful activity from August 9, 2000, to December 31, 2003 (the date she was last insured for disability insurance benefits). Tr. 744. The ALJ found that Plaintiff has the following severe impairments: headache, diabetes mellitus, hypertension, obesity, small central disc protrusion at C5-6, and left shoulder bursitis impingement. Tr. 745. The ALJ found that Plaintiff has no medically determinable mental impairment, and that though she suffered from gastrointestinal symptoms, that this was not a severe impairment. Tr. 746. The ALJ further found that Plaintiff had no impairment or combination of impairments that met or equaled a listing level under 20 C.F.R. Part 404, Subpart P, Ap. 1. Tr. 747.

The ALJ found that Plaintiff had the residual functional capacity (RFC) for sedentary work, could occasionally climb ramps and stairs, balance and stoop; never kneel, crouch, crawl, and climb ropes, ladders or scaffolds; sit for thirty minutes at a time before standing at the workstation for less than three minutes; and could frequently use her left upper extremity for handling and fingering. Tr. 748. Based on this RFC, the ALJ determined Plaintiff could perform her past sedentary work as a directory assistance operator. Tr. 750-751.

### III. STANDARD OF REVIEW

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 404.1512; *Turner v. Heckler,* 754 F.2d 326, 328 (10th Cir. 1985). If she carries that burden, the ALJ will conduct a RFC assessment at step four to determine what if anything the claimant can still do despite his impairments. *See* 20 C.F.R. § 404.1545(e); *Andre v. Sec'y of Health & Human Servs.,* 985 F.2d 1045, 1048 (10th Cir. 1993). At the conclusion of step four, Plaintiff once again carries the burden

and must show an inability to return to past relevant work. *See* 20 C.F.R. § 404.1520(e); *Potter v. Sec'y of Health & Human Servs.,* 905 F.2d 1346, 1349 (10th Cir. 1990). If Plaintiff meets this burden, the Commissioner bears the burden of showing that a claimant is able to make an adjustment to other work by providing evidence about the existence of work in the national economy given a claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1512(f).

This Court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's "factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue,* 602 F .3d 1136, 1140 (10th Cir. 2010). To that end, reversal is necessary if the ALJ failed "'to provide this court with a sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir. 1984) (citations omitted).

## IV. PLAINTIFF'S CLAIMS OF ERROR

Plaintiff raises two claims of error. First, Plaintiff alleges that the ALJ erred, as a matter of law, by failing to conduct a proper step four analysis. Plaintiff's Opening Brief, 6-10. In particular, that the ALJ failed to obtain any information or make any findings with regard to the demands of her past relevant work.[1] Plaintiff also contends that the ALJ failed to make the required function-by-function comparison of the RFC and

---

[1] Plaintiff also makes arguments regarding whether the RFC finding itself was proper. The undersigned has thoroughly reviewed the evidence of record, and finds the RFC to be supported by substantial evidence. Furthermore, because the undersigned finds that error in the second and third steps of the step four determination requires remand, it is unnecessary to engage in an in depth analysis of the Plaintiff's claims regarding the RFC itself.

4

Plaintiff's past relevant work as a directory assistance operator. Second, Plaintiff contends that the ALJ relied on vocational expert (VE) testimony that conflicts with the Dictionary of Occupational Titles. Plaintiff's Opening Brief, 11. The undersigned finds the first error to require reversal and remand, and thus it is unnecessary to address the question regarding any conflict with the DOT.

The undersigned has reviewed the Commissioner's response to Plaintiff's claim of error at the second and third phases of step four, and finds that there is nothing therein that can refute what the record makes plain. The ALJ simply failed to make the required findings, constituting reversible error.

There are three phases of evaluation an ALJ must complete at step four of the sequential evaluation:

> In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity ... and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. At each of these phases, the ALJ must make specific findings.

*Winfrey v. Chater,* 92 F.3d 1017, 1023 (10th Cir. 1996) (citations omitted). The ALJ's evaluation of a claimant's RFC must include specific findings and an explanation of how the ALJ analyzed the evidence and resolved inconsistencies or ambiguities. *See* Social Security Ruling 96–8p, 1996 WL 374184, at *4–5. After evaluating a claimant's RFC, an ALJ must obtain adequate "factual information about those work demands which have a

5

bearing on the medically established limitations." Social Security Ruling 82–62, 1982 WL 31386, at *3.

The ALJ must then make specific and detailed findings concerning the physical and mental demands of the past jobs. *See* Social Security Ruling 82–62, 1982 WL 31386, at *4. Here, the ALJ did not make any findings regarding the physical or mental demands of Plaintiff's past jobs. The only testimony elicited from the VE at Plaintiff's second administrative hearing was that Plaintiff's directory assistance operator was sedentary, had an SVP of 3, and was semi-skilled. Tr. 1206. The ALJ stated that he had asked the VE whether a person with Plaintiff's RFC and vocational profile could perform work as a directory assistance operator, and that the VE had testified that she could. Tr. 751 (referring to Tr. 1207).

However this conclusion—disguised as a finding is insufficient. *Cf. Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988) (disapproving of the use of "a conclusion in the guise of findings"). As Plaintiff has argued, the ALJ did not cite any specific VE testimony or refer to Plaintiff's testimony in arriving at his conclusions. The ALJ's failure to make the requisite findings at the second two phases of step four necessitates reversal because there is nothing for judicial review. *See, e.g., Washington v. Shalala,* 37 F.3d 1437, 1442 (10th Cir. 1994) (remanding action for further administrative proceedings in part because the ALJ failed to make proper findings at all three phases of step four).

As recently as last year, the Tenth Circuit again emphasized the importance of phases two and three of the step four determination:

> Here, after determining Banks' RFC, the ALJ *all but ignored the second and third phase of the analysis.* Although the ALJ obtained evidence about the general physical demands of Banks' past work, the ALJ *did not make any findings about what that work specifically requires*. Nor did the ALJ consider such demands in light of Banks' physical limitations, instead relying entirely on the vocational expert's opinion about whether she could perform her past work. [*Winfrey,* 92 F.3d at 1025 ("[W]hile the ALJ may rely on information supplied by the VE at step four, the ALJ [herself] must make the required findings on the record."). ... The ALJ's failure to make findings about the demands of Banks' past work constitutes reversible error.

*Banks v. Colvin*, 12-5220, 2013 WL 6439674 (10th Cir. Dec. 10, 2013) (emphasis added).

## RECOMMENDATION

Having reviewed the evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **March 7, 2014**. The parties are further advised that failure to make timely objection to this Report and

Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on February 20, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE